**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEBRASKA**

| | |
|---|---|
| ANURAG BIYANI, | |
| **Plaintiff,** | 4:22CV3032 |
| vs. | |
| UNITED STATES CITIZENSHIP AND IMMIGRATION SERVICES, ALEJANDRO MAYORKAS, Secretary, U.S. Department of Homeland Security; UR M. JADDOU, Director, U.S. Citizenship and Immigration Services; CONNIE NOLAN, Acting Associate Director for Service Center Operations Directorate; and LOREN K. MILLER, Director, Nebraska Service Center; | PROTECTIVE ORDER |
| **Defendants.** | |

Upon the request of the parties in the above-captioned matter (Filing No. 19), and pursuant to Rule 26(c) of the Federal Rules of Civil Procedure, the Court hereby enters the following protective order.

1. <u>Limited Dissemination of Pseudonym Identities.</u> The following persons may receive notice of the names of Plaintiff's current and former employers and the experts who submitted opinions for the I-140 Immigrant Petition: (a) counsel for Defendants, including supervisory officials at the Department of Justice and agency counsel for Defendants; (b) persons regularly in the employ of counsel for Defendants who have a need to know the names in the performance of their duties related to this action; (c) persons regularly in the employ of Defendants who have a need to know the names in order to perform duties necessary for the resolution of this action; and (d) the Court and the Court's staff and employees who need to know the names in order to perform duties necessary for the resolution of this action.

2. . <u>Permissible Uses and Non-Disclosure of Pseudonym Identities.</u> Any person learning the names of Mr. Biyani's current or former employers or those who submitted expert letters pursuant to this Protective Order shall use that information only for purposes of this litigation and shall not disclose the names of the employers or experts to the public or to anyone except persons identified in Paragraph 1, absent court order.

3. <u>Scope of the Protective Order.</u> This Protective Order enhances the existing public access restriction set by the Court. Doc 7, 10. If any filer wishes to use any document containing the names of the employers or experts, or other identifying information that would lead to the discovery of the identities of the employers or experts, in a court filing or proceeding in this action, they shall either (i) redact employers or experts names and other personal identifying information or (ii) shall file a motion to restrict access pursuant to NECivR 5.3(c).

4. <u>Restriction of Access to Existing Motions.</u> Unless already restricted, this Protective Order restricts access to the cross motions for summary judgment, briefs in opposition to the motions, and the replies filed by Plaintiff and Defendants pursuant to NECivR 5.3(c).

5. <u>Court's Decision.</u> If and when the Court issues a decision in this matter, and if the Court opts to cite to or refer to Mr. Biyani's current or former employers or the experts who submitted opinions in support of the I-140 filing, the Court will refer to the employers and experts via pseudonym, such as Former Employer, Current Employer, Expert 1, Expert 2, etc.

6. <u>Modifications.</u> Each party reserves the right to seek to modify the terms of this Protective Order and pseudonym status of the experts and employers at any time. If a party seeks to modify the Protective Order, the counsel for the party seeking to modify this Order shall confer with counsel for all other parties to this action.

Dated this 25th day of August, 2022.

BY THE COURT:

s/Michael D. Nelson
United States Magistrate Judge